**15SL-CC00107**

Electronically Filed - St Louis County - January 12, 2015 - 05:11 PM

**IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| **AARON SCHMIDT** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Cause No.:** |
| **v.** | ) | |
| | ) | **Division No.** |
| **HOSLEY INTERNATIONAL, INC.** | ) | |
| **Serve: Ronald N. Primack** | ) | |
| **18401 Maple Creek Dr. Ste. 100** | ) | |
| **Tinley Park, IL 60477** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S PETITION**

COMES NOW Plaintiff Aaron Schmidt, individually and as the surviving son of Larry Schmidt and for his Petition against Defendant Hosley International, Inc., states as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff Aaron Schmidt is and was at all relevant times a citizen and resident of St. Louis County, in the State of Missouri.

2. Plaintiff Aaron Schmidt is the surviving son of Larry Schmidt, deceased. As such, Plaintiff brings the Wrongful Death causes of action contained herein pursuant to R.S.Mo. §537.080, *et seq.*, commonly referred to as the "Missouri Wrongful Death Statute," and is the proper party to those causes of action under said statute and brings those causes of action for the wrongful death of decedent Larry Schmidt, on behalf of himself and all others entitled to recover under said statute.

3. Defendant Hosley International, Inc. ("Hosley") is and was at all relevant times a corporation organized under the laws of the state of Illinois with its principal place of business in



Electronically Filed - St Louis County - January 12, 2015 - 05:11 PM

Lynwood, Illinois. Defendant Hosley at all relevant times did and does substantial and continuous business activity in the State of Missouri such that the exercise of jurisdiction over this Defendant in this Court is proper.

4. At all times relevant to this lawsuit, Hosley was and is in the business of designing, manufacturing, selling, assembling, marketing, and distributing oil warmers and scented oil for sale to consumers and distributors nationwide, and Hosley derives substantial revenue from the sale and marketing of oil warmers and scented oils in the State of Missouri.

**VENUE**

5. Venue is proper pursuant to RSMo. §508.010(4), because Plaintiff and Decedent were first injured in the County of St. Louis, State of Missouri.

**FACTUAL ALLEGATIONS**

6. Hosley designed, manufactured, assembled, marketed, distributed and sold the oil warmers and scented oil at issue in this case ("Defendant's scented oil and oil warmer and their components"), and did so in the ordinary course of its business.

7. Some time before January 9, 2013 Decedent's family purchased Defendant's cented oil and oil warmer and their components from the WalMart store located at 1202 S Kirkwood Rd., St. Louis, Missouri 63122 and took them to the decedent, Larry Schmidt's home.

8. On January 9, 2013, at the home of Larry Schmidt, Defendant's scented oil was placed in the tray of Defendant's oil warmer.

9. On January 9, 2013, the scented oil designed by Defendant and sold to the family of Larry Schmidt spilled over the oil warming tray and caught fire.

Electronically Filed - St Louis County - January 12, 2015 - 05:11 PM

10. As a result of the fire, Larry Schmidt died from thermal injuries on January 13, 2013.

**COUNT I**
**(STRICT LIABILITY - DESIGN DEFECT)**

COMES NOW Plaintiff, individually and as the surviving son of Larry Schmidt, by and through his attorneys, and for Count I of his wrongful death cause of action against Defendant Hosley, states as follows:

11. Plaintiff restates and incorporates by reference each and every allegation in paragraphs 1 through 10 as if fully set forth herein.

12. At the time the above referenced scented oil and oil warmer and their components, were manufactured, designed, marketed, sold, and distributed by Defendant, the scented oil and oil warmer were in a defective condition and were unreasonably dangerous when put to a reasonably anticipated use in numerous ways, including as follows:

a. The scented oil and oil warmer and their components, whether used in combination or separately, were defectively designed;

b. The scented oil and oil warmer and their components, whether used in combination or separately, were defectively manufactured;

c. The scented oil and oil warmer and their components, whether used in combination or separately, could catch fire when used in a reasonably foreseeable manner;

d. The oil tray on the oil warmer was defectively designed in that it could spill and cause the oil to catch fire and/or become overheated, and thereby cause fires when used in a foreseeable manner;

e. The oil tray on the oil warmer, whether used separately or in combination with the scented oil, could become overheated due to thermal problems arising out of a faulty design and/or manufacture, and thereby cause fires when used in a foreseeable manner;

Electronically Filed - St Louis County - January 12, 2015 - 05:11 PM

f. The scented oil and oil warmer and their components, whether used in combination or separately, were manufactured, designed, marketed, sold, distributed and delivered by Defendant without adequate warnings, instructions or training on safe use to reduce and/or eliminate the danger of fire;

g. The scented oil and oil warmer and their components, whether used in combination or separately, were manufactured, designed, marketed, sold, distributed and delivered by Defendant without adequate warnings of the above defects and hazards, including that the product was dangerous to health and life and could spill, catch or cause fires and cause severe burns and death;

h. Defendant unnecessarily risked the safety of its customers and the public; and

i. Such further defects as discovery and evidence will reveal.

13. Such dangerous and defective conditions existed at the time the subject scented oil and oil warmer and their components, were manufactured, designed, marketed, sold, and distributed by Defendant and continued up to and including the time of Decedent's injuries and death.

14. At all relevant times, the subject scented oil and oil warmer and their components, including the tea candle chosen by Defendant, whether used in combination or separately, were being used in a manner reasonably anticipated by Defendant. The scented oil and oil warmer and their components, whether used in combination or separately, were thus in a defective and unreasonably dangerous condition when put to their reasonably anticipated use.

15. The defective and unreasonably dangerous condition of the scented oil and oil warmer and their components, whether used in combination or separately, was the direct and proximate cause of Larry Schmidt's injuries and death.

16. As a direct and proximate result of the defective and unreasonably dangerous condition of the scented oil and oil warmer and their components, whether used in combination

Electronically Filed - St Louis County - January 12, 2015 - 05:11 PM

or separately, Larry Schmidt suffered second and third-degree burns over much of his body, and he died as a result. Decedent additionally suffered fear, excruciating physical pain and suffering, loss of enjoyment of life, loss of consortium, and mental and emotional distress prior to his death.

17.     As a direct and proximate result of the injuries to and death of Larry Schmidt, Plaintiff was required to expend, incur and become indebted for substantial medical, hospital, and funeral expenses in excess of $100,000.00. Further, Plaintiff and his siblings have forever lost the love, services, companionship, society, comfort, instruction, guidance, counsel, training and support of decedent, Larry Schmidt.  In addition, Plaintiff is entitled to all recovery of damages, including the damages for fear, pain and suffering, emotional distress and the violence that Decedent sustained before his death and for which he would have been entitled to recover had he lived.

18.     As a result of the nature of the death, the history of this product, Defendant's knowledge and the choices Defendant made, the Decedent's family is entitled to aggravating circumstances damages.

19.     The conduct of Defendant showed complete indifference to or conscious disregard for the safety of Decedent and others, and was willful, wanton, or in reckless disregard for the rights of Decedent and others, thereby justifying an award of punitive and exemplary damages in such a sum as will serve to punish Defendant and deter Defendant and others from like conduct in the future.

WHEREFORE, Plaintiff, individually and as the surviving son of Larry Schmidt, prays for judgment against Defendant in Count I herein in a sum in excess of Twenty-Five Thousand

Electronically Filed - St Louis County - January 12, 2015 - 05:11 PM

Dollars ($25,000.00), for punitive damages, aggravating circumstances damages, his costs herein incurred, and for such other and further relief as the Court deems just and proper.

**COUNT II**
**(NEGLIGENCE - DESIGN DEFECT)**

COMES NOW Plaintiff, individually and as the surviving son of Larry Schmidt, by and through his attorneys, and for Count II of his wrongful death cause of action against Defendant, states as follows:

20. Plaintiff restates and incorporates by reference each and every allegation in paragraphs 1 through 19 as if fully set forth herein.

21. At all relevant times, the subject scented oil and oil warmer and their components, whether used in combination or separately, were being used in a manner reasonably anticipated by Defendant.

22. Defendant had a duty to exercise due care and the ordinary, reasonable, and technical skill and competence that is required of distributors, marketers, sellers, supplier, assemblers, and others in a similar situation, including, without limitation: the duty to distribute, market, sell, and/or supply its products in a reasonably safe and prudent manner, free from defects and in a safe condition for use and not unnecessarily risk the safety of its customers and the public, the duty to inspect its product, the duty to test its product, the duty to acquire and maintain expert knowledge of its product, and the duty to adequately warn of the product's risks of harm, defects and/or hazards described above, which duties continued even after the sale or lease of said product.

23. Some time before January 9, 2013, Defendant negligently manufactured, designed, marketed, sold, distributed and delivered the scented oil and oil warmer and their

Electronically Filed - St Louis County - January 12, 2015 - 05:11 PM

components, and also negligently failed to warn of the dangers of the scented oil and oil warmer and their components, whether to be used in combination or separately, and this negligence caused the fire which lead to the injuries and wrongful death of Larry Schmidt.

24. Defendant failed to use due care under the circumstances, needlessly endangering the decedent and others and was thereby negligent in the performance of and in breach of its duties to Decedent and others.

25. The injuries to Larry Schmidt, and Larry Schmidt's resulting death, were directly and proximately caused by Defendant's negligence in numerous ways, including the following respects:

a. Defendant negligently and carelessly manufactured, designed and/or assembled the subject scented oil and oil warmer and their components, whether used in combination or separately, in such a way that it created a risk of fire, severe burns and death to Decedent and others;

b. Defendant negligently and carelessly manufactured, designed and/or assembled the subject scented oil and oil warmer and their components, whether used in combination or separately, in such a way that the oil could spill out of the oil tray and/or become overheated, and thereby cause fires when used in a foreseeable manner;

c. Defendant negligently and carelessly failed to inspect their product to ensure that it was in a safe condition for use, and specifically to ensure that it did not have a propensity to spill and catch fire;

d. Defendant negligently and carelessly failed to test their product to ensure that it was in a safe condition for use, and specifically negligently and carelessly failed to ensure that it did not have a propensity to spill and catch fire;

e. Defendant negligently and carelessly failed to become knowledgeable about the risks associated with the scented oil and oil warmer and their components and in combination, including that they had a propensity to spill and catch fire;

Electronically Filed - St Louis County - January 12, 2015 - 05:11 PM

f. Defendant negligently and carelessly failed to adequately warn of the defects, hazards, and risks of harm associated with their product, including that it had a propensity to spill and catch fire;

g. Defendant negligently and carelessly failed to provide users with adequate instructions or testing procedures regarding proper use, inspection, maintenance or repair of the scented oil and oil warmer and their components and in combination;

h. Defendant unnecessarily risked the safety of its customers and the public; and

i. Such further additional negligent acts and omissions as discovery and the evidence will reveal.

26. At all times relevant herein, Defendant knew or should have known, by the use of ordinary care, of the dangerous conditions and characteristics of the scented oil and oil warmer and their components, whether used in combination or separately, and that severe bodily injury or death was substantially likely to occur as a result of its negligence.

27. At all times relevant herein, Plaintiff and Decedent did not know, and by using ordinary care, could not have known of such dangerous conditions or that severe bodily injury or death was substantially likely to occur as a result of Defendant's negligence.

28. Defendant's negligent acts and omissions were the direct and proximate cause of Larry Schmidt's injuries and death.

29. As a direct and proximate result of the defective and unreasonably dangerous condition of the scented oil and oil warmer and their components, including the tea candle chosen by Hosley, whether used in combination or separately, Larry Schmidt suffered second and third-degree burns over much of his body and he died as a result. Decedent additionally suffered excruciating physical pain and suffering, loss of enjoyment of life, loss of consortium, and mental and emotional distress prior to his death.

Electronically Filed - St Louis County - January 12, 2015 - 05:11 PM

30. As a direct and proximate result of the injuries to and death of Larry Schmidt, Plaintiff was required to expend, incur and become indebted for substantial medical, hospital, and funeral expenses in excess of $100,000.00. Further, Plaintiff and his siblings have forever lost the love, services, companionship, society, comfort, instruction, guidance, counsel, training, wages and support of decedent, Larry Schmidt. In addition, Plaintiff is entitled to all recovery of damages, including the damages for fear, pain and suffering, emotional distress and the violence that Decedent sustained before his death and for which he would have been entitled to recover had he lived.

31. As a result of the nature of the death, the history of this product, Defendant's knowledge and the choices the Defendant made, the Decedent's family is entitled to aggravating circumstances damages.

32. The conduct of Defendant showed complete indifference to and/or conscious disregard for the safety of Decedent and others, and was willful, wanton, and/or in reckless disregard for the rights of Decedent and others, thereby justifying an award of punitive and exemplary damages in such a sum as will serve to punish Defendant and deter Defendant and others from like conduct in the future.

WHEREFORE, Plaintiff, individually and as the surviving son of Larry Schmidt, prays for judgment against Defendant in Count II herein in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00), for punitive damages, aggravating circumstances damages, his costs herein incurred, and for such other and further relief as the Court deems just and proper.

**COUNT III**
**(NEGLIGENCE – RES IPSA LOQUITUR)**

Electronically Filed - St Louis County - January 12, 2015 - 05:11 PM

COMES NOW Plaintiff, individually and as the surviving son of Larry Schmidt, by and through his attorneys, and for Count III of his wrongful death cause of action against Defendant, states as follows:

33.     Plaintiff restates and incorporates by reference each and every allegation in paragraphs 1 through 32 as if fully set forth herein.

34.     Defendant's negligent acts and omissions as described in Count II above, were the direct and proximate cause of Larry Schmidt's injuries and death.

35.     The fire resulting in the injury and death of Decedent was the kind of event which ordinarily occurs due to someone's negligence or ordinarily does not occur in the absence of negligence.  Furthermore, there are 'attendant circumstances' from which it can reasonably be inferred that the fire was the result of Defendant's negligence.  The fire began in the vicinity of the subject scented oil and oil warmer in Decedent's home shortly after they were put into use by Decedent and Plaintiff's family.

36.     The scented oil and oil warmer and their components and in combination caused the fire that resulted in Decedent's injuries and death, functioned as designed while under the sole management and control of Defendant prior to and at the time that it was sold to Plaintiff and put into use at Decedent's home.

37.     From the time that it was purchase until the time of the fire, the scented oil and oil warmer and their components remained in the same condition as when purchased, not having been disturbed, altered, moved, or changed in any manner.

Electronically Filed - St Louis County - January 12, 2015 - 05:11 PM

38.     Plaintiff has no knowledge of Defendant's specific acts of negligence causing this unusual occurrence, and Defendant has superior knowledge or access to information as to the cause of the occurrence of the fire which injured and killed Decedent.

39.     As a direct and proximate result of the defective and unreasonably dangerous condition of the scented oil and oil warmer and their components and in combination Larry Schmidt suffered second and third-degree burns over much of his body, and he died as a result. Decedent additionally suffered excruciating physical pain and suffering, loss of enjoyment of life, loss of consortium, and mental and emotional distress prior to his death.

40.     As a direct and proximate result of the injuries to and death of Larry Schmidt, Plaintiff was required to expend, incur and become indebted for substantial medical, hospital, and funeral expenses in excess of $100,000.00.  Further, Plaintiff and his siblings have forever lost the love, services, companionship, society, comfort, instruction, guidance, counsel, training, wages and support of decedent, Larry Schmidt.  In addition, Plaintiff is entitled to all recovery of damages, including the damages for fear, pain and suffering, emotional distress and the violence that Decedent sustained before his death and for which he would have been entitled to recover had he lived.

41.     As a result of the nature of the death, the history of this product, Defendant's knowledge and the choices Defendant made, the Decedent's family is entitled to aggravating circumstances damages.

42.     The conduct of Defendant showed complete indifference to and/or conscious disregard for the safety of Decedent and others, and was willful, wanton, and/or in reckless disregard for the rights of Decedent and others, thereby justifying an award of punitive and

Electronically Filed - St Louis County - January 12, 2015 - 05:11 PM

exemplary damages in such a sum as will serve to punish Defendant and deter Defendant and others from like conduct in the future.

WHEREFORE, Plaintiff, individually and as the surviving son of Larry Schmidt, prays for judgment against Defendant in Count III herein in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00), for punitive damages, aggravating circumstances damages, his costs herein incurred, and for such other and further relief as the Court deems just and proper.

**COUNT IV**
**(STRICT LIABILITY- FAILURE TO WARN)**

COMES NOW Plaintiff, individually and as the surviving son of Larry Schmidt, by and through his attorneys, and for Count IV of his wrongful death cause of action against Defendant, states as follows:

43. Plaintiff restates and incorporates by reference each and every allegation in paragraphs 1 through 42 as if fully set forth herein.

44. Some time before January 9, 2013, Defendant manufactured, designed, marketed, sold, distributed and delivered the scented oil and oil warmer and their components, and also failed to warn of the dangers of the scented oil and oil warmer and their components, whether to be used in combination or separately, and this failure to warn caused the fire which lead to the injuries and wrongful death of Larry Schmidt.

45. At the time the subject scented oil and oil warmer and their components were manufactured, designed, marketed, sold and distributed by Defendant, the scented oil and oil warmer and their components, whether used in combination or separately, were in a defective condition and were unreasonably dangerous when put to a reasonably anticipated use in numerous ways, including as follows:

Electronically Filed - St Louis County - January 12, 2015 - 05:11 PM

a. The scented oil and oil warmer and their components, whether used in combination or separately, were defectively designed;

b. The scented oil and oil warmer and their components, whether used in combination or separately, were defectively manufactured;

c. The scented oil and oil warmer and their components, whether used in combination or separately, could catch fire when used in a reasonably foreseeable manner;

d. The scented oil and oil warmer and their components, whether used in combination or separately, could spill hot or burning oil thereby cause fires when used in a foreseeable manner;

e. The scented oil and oil warmer and their components, whether used in combination or separately, could become overheated and thereby cause fires when used in a reasonably foreseeable manner;

f. The oil heating tray on the oil warmer was inadequately secured such that it could spill or become overheated, and thereby cause fires when used in a foreseeable manner, whether used in combination with the Defendant's scented oils or separately;

g. The scented oil and oil warmer and their components, whether used in combination or separately, were manufactured, designed, marketed, sold, distributed and delivered by Defendant without adequate warnings, instructions or training on safe use to reduce and/or eliminate the danger of fire;

h. The scented oil and oil warmer and their components, whether used in combination or separately, were manufactured, designed, marketed, sold, distributed and delivered by Defendant without adequate warnings of the above defects and hazards, including that the product was dangerous to health and life and could catch or cause fires and cause severe burns and death;

i. Defendant unnecessarily risked the safety of its customers and the public; and

j. Such further defects as discovery and evidence will reveal.

46. Such dangerous conditions existed at the time the subject scented oil and oil warmer and their components, whether to be used in combination or separately, were

Electronically Filed - St Louis County - January 12, 2015 - 05:11 PM

manufactured, designed, marketed, sold, distributed and delivered by Defendant and continued up to and including the time of Plaintiff's and Decedent's injuries.

47.    At all relevant times, the subject scented oil and oil warmer and their components, whether used in combination or separately, including the tea candle chosen by Defendant, were being used in a manner reasonably anticipated by Defendant.  The scented oil and oil warmer and their components, whether used in combination or separately, were thus in a defective and unreasonably dangerous condition when put to its reasonably anticipated use and Defendant failed to provide proper warning of these dangers.

48.    The defective and unreasonably dangerous condition of the scented oil and oil warmer and their components, whether used in combination or separately, and Defendant's failure to warn of these dangers, were the direct and proximate cause of Larry Schmidt's injuries.

49.    As a direct and proximate result of the injuries to and death of Larry Schmidt, Plaintiff was required to expend, incur and become indebted for substantial medical, hospital, and funeral expenses in excess of $100,000.00.  Further, Plaintiff and his siblings have forever lost the love, services, companionship, society, comfort, instruction, guidance, counsel, training, wages and support of decedent, Larry Schmidt.  In addition, Plaintiff is entitled to all recovery of damages, including the damages for fear, pain and suffering, emotional distress and the violence that Decedent sustained before his death and for which he would have been entitled to recover had he lived.

50.    As a result of the nature of the death, the history of this product, Defendant's knowledge and the Defendant's choices made, the Decedent's family is entitled to aggravating circumstances damages.

Electronically Filed - St Louis County - January 12, 2015 - 05:11 PM

51. The conduct of Defendant showed complete indifference to and/or conscious disregard for the safety of Plaintiff and others, and was willful, wanton, and/or in reckless disregard for the rights of Plaintiff and others, thereby justifying an award of punitive damages in such a sum as will serve to punish Defendant and deter Defendant and others from like conduct in the future.

WHEREFORE, Plaintiff, individually and as the surviving son of Larry Schmidt, prays for judgment against Defendant in Count IV herein in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00), for aggravating circumstances damages, for punitive damages, his costs herein incurred, and for such other and further relief as the Court deems just and proper.

**COUNT V**
**(NEGLIGENCE - FAILURE TO WARN)**

COMES NOW Plaintiff, individually and as the surviving son of Larry Schmidt, by and through his attorneys, and for Count V of his wrongful death cause of action against Defendant, states as follows:

52. Plaintiff restates and incorporates by reference each and every allegation in paragraphs 1 through 51 as if fully set forth herein.

53. At all relevant times, the subject scented oil and oil warmer and their components, whether used in combination of separately, were being used in a manner reasonably anticipated by Defendant.

54. Some time before January 9, 2013, Defendant negligently manufactured, designed, marketed, sold, distributed and delivered the scented oil and oil warmer and their components, and also negligently failed to warn of the dangers of the scented oil and oil warmer

Electronically Filed - St Louis County - January 12, 2015 - 05:11 PM

and their components, whether to be used in combination or separately, and this negligent failure to warn caused the fire which lead to the injuries and wrongful death of Larry Schmidt.

55. Defendant had a duty to exercise due care and the ordinary, reasonable, and technical skill and competence that is required of distributors, marketers, sellers, supplier, assemblers, installers, and others in a similar situation, including, without limitation: the duty to distribute, market, sell, lease, supply, assemble and/or install its products in a reasonably safe and prudent manner, free from defects and in a safe condition for use; the duty to inspect its product; the duty to test its product; the duty to acquire and maintain expert knowledge of its product; the duty to adequately warn of the product's risks of harm, defects and/or hazards described above; duty to not unnecessarily risk the safety of its customers and the public, which duties continued even after the sale or lease of said product.

56. Defendant failed to use due care under the circumstances to design a reasonably safe product and to adequately warn of the product's risk of harm and was thereby negligent in the performance of and in breach of its duties to Plaintiff and others.

57. The injuries to Larry Schmidt were directly and proximately caused by Defendant's negligence in numerous ways, including in the following respects:

a. Defendant negligently and carelessly manufactured, designed, marketed, sold, distributed and delivered the subject scented oil and oil warmer and their components, whether used in combination or separately, such a way that it created a risk of fire, severe burns and death to Decedent and others;

b. Defendant negligently and carelessly manufactured, designed, marketed, sold, distributed and delivered the subject scented oil and oil warmer and their components, whether used in combination or separately, in such a way that the oil could spill out of the oil tray and/or become overheated, and thereby cause fires when used in a foreseeable manner;

Electronically Filed - St Louis County - January 12, 2015 - 05:11 PM

c. Defendant negligently and carelessly failed to use competent and experienced personnel in assembling the subject scented oil and oil warmer and their components, whether used in combination or separately;

d. Defendant negligently and carelessly failed to inspect their product to ensure that it was in a safe condition for use, and specifically to ensure that it did not have a propensity to spill and catch fire;

e. Defendant negligently and carelessly failed to test their product to ensure that it was in a safe condition for use, and specifically to ensure that it did not have a propensity to spill and catch fire;

f. Defendant negligently and carelessly failed to become knowledgeable about the risks associated with the scented oil and oil warmer and their components, whether used in combination or separately, including that the products had a propensity to spill and catch fire;

g. Defendant negligently and carelessly failed to adequately warn of the defects, hazards, and risks of harm associated with their product, including that it had a propensity to spill and catch fire;

h. Defendant negligently and carelessly failed to provide users with adequate instructions or testing procedures regarding proper use, inspection, maintenance or repair of the scented oil and oil warmer and their components, whether used in combination or separately; and

i. Such further additional negligent acts and omissions as discovery and the evidence will reveal.

58. At all times relevant herein, Defendant knew or should have known, by the use of ordinary care, of the dangerous conditions of the scented oil and oil warmer and their components, including the tea candle chosen by Defendant, whether used in combination or separately, that severe bodily injury or death was substantially likely to occur as a result of its negligence.

59. At all times relevant herein, Plaintiff did not know, and by using ordinary care, could not have known of such dangerous conditions and that severe bodily injury or death was substantially likely to occur as a result of Defendant's negligence.

Electronically Filed - St Louis County - January 12, 2015 - 05:11 PM

60.     The defective and unreasonably dangerous condition of the scented oil and oil warmer and their components, whether used in combination or separately, and Defendant's failure to warn of these dangers, were the direct and proximate cause of Larry Schmidt's injuries.

61.     As a direct and proximate result of Defendant's negligent acts and omissions, the Decedent sustained actual damages including physical and mental injuries and emotional distress, as well as property damage to his home and personal property, and has become indebted for reasonable and necessary medical care and treatment.

62.     As a direct and proximate result of the injuries to and death of Larry Schmidt, Plaintiff was required to expend, incur and become indebted for substantial medical, hospital, and funeral expenses in excess of $100,000.00.  Further, Plaintiff and his siblings have forever lost the love, services, companionship, society, comfort, instruction, guidance, counsel, training, wages and support of decedent, Larry Schmidt.  In addition, Plaintiff is entitled to all recovery of damages, including the damages for fear, pain and suffering, emotional distress and the violence that Decedent sustained before his death and for which he would have been entitled to recover had he lived.

63.     As a result of the nature of the death, the history of this product, Defendant's knowledge and the choices Defendant made, the Decedent's family is entitled to aggravating circumstances damages.

64.     The conduct of Defendant showed complete indifference to and/or conscious disregard for the safety of Plaintiff and others, and was willful, wanton, and/or in reckless disregard for the rights of Plaintiff and others, thereby justifying an award of punitive damages in

Electronically Filed - St Louis County - January 12, 2015 - 05:11 PM

such a sum as will serve to punish Defendant and deter Defendant and others from like conduct in the future.

WHEREFORE, Plaintiff, individually and as the surviving son of Larry Schmidt, prays for judgment against Defendant in Count V herein in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00), for aggravating circumstances damages, punitive damages, his costs herein incurred, and for such other and further relief as the Court deems just and proper.


Respectfully submitted,

DOWD & DOWD, P.C.


By:    /s/ William T. Dowd
       WILLIAM T. DOWD (#39648)
       KEVIN D. LANE (#66027)
       211 North Broadway, Suite 4050
       St. Louis, Missouri   63102
       314-621-2500
       Fax: 314-621-2503
       bill@dowdlaw.net
       kevin@dowdlaw.net

       *Attorneys for Plaintiff*



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division: BARBARA W WALLACE | **Case Number: 15SL-CC00107** | |
| Plaintiff/Petitioner: AARON SCHMIDT **vs.** | Plaintiff's/Petitioner's Attorney/Address: WILLIAM T. DOWD 211 NORTH BROADWAY SUITE 4050 ST. LOUIS, MO 63102 | |
| Defendant/Respondent: HOSLEY INTERNATIONAL, INC. | Court Address: ST LOUIS COUNTY COURT BUILDING 7900 CARONDELET AVE CLAYTON, MO 63105 | |
| Nature of Suit: CC Wrongful Death | | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

**The State of Missouri to: HOSLEY INTERNATIONAL, INC.**
**Alias:**

**18401 MAPLE CREEK DR**
**STE 100**
**TINLEY PARK, IL 60477**

**SERVE: RONALD N PRIMACK**

***COURT SEAL OF***

***ST. LOUIS COUNTY***

**You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.**

**SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.**

**14-JAN-2015**
**Date**

______________________ Clerk

**Further Information:**
**RAB**

### Officer's or Server's Affidavit of Service

I certify that:

1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is ______________________ of ______________ County, ______________ (state).
3. I have served the above summons by: (check one)
   - ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   - ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with ______________________, a person of the Defendant's/Respondent's family over the age of 15 years.
   - ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to ______________________ (name) ______________________ (title).
   - ☐ other (describe) ______________________.

Served at ______________________________________ (address)
in ______________ County, ______________ (state), on ______________ (date) at ______________ (time).

______________________ Printed Name of Sheriff or Server

______________________ Signature of Sheriff or Server

**Subscribed and Sworn To** me before this ________ (day) ____________ (month) ________ (year)

I am: (check one)
- ☐ the clerk of the court of which affiant is an officer.
- ☐ the judge of the court of which affiant is an officer.
- ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
- ☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

______________________ Signature and Title

**Service Fees, if applicable**

| | |
|---|---|
| Summons | $__________ |
| Non Est | $__________ |
| Mileage | $__________ (__________ miles @ $ ______ per mile) |
| **Total** | $__________ |

**See the following page for directions to clerk and to officer making return on service of summons.**

## Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

**Selecting an Alternative Dispute Resolution Procedure and a Neutral**

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

Electronically Filed - St Louis County - February 18, 2015 - 05:28 PM

**IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| **AARON SCHMIDT** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 15SL-CC00107** |
| **v.** | ) | |
| | ) | **Division No. 13** |
| **HOSLEY INTERNATIONAL, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MOTION FOR ALIAS SUMMONS**

COMES NOW Plaintiff and through counsel states as follows:

1. The initial summons in the above matter was issued by this Court on January 14, 2015.

2. On February 2, 2015 counsel received an Affidavit of Non-Service, indicating that Defendant could not be served at the address set forth on the Summons.

3. Therefore Plaintiff respectfully requests that the Court issue an Alias Summons for service on Defendant at the following address:

Hosley International, Inc.
Registered Agent: Ronald Primack
30 S. Wacker Dr. Suite 2600
Chicago, IL 60606

WHEREFORE Plaintiff respectfully requests that an Alias Summons be issued for service on the above Defendant.

DOWD & DOWD, P.C.

By: /s/ William T. Dowd
WILLIAM T. DOWD (#39648)
KEVIN D. LANE (#66027)
Attorney for Plaintiff
211 North Broadway, Suite 4050

Electronically Filed - St Louis County - February 18, 2015 - 05:28 PM

St. Louis, Missouri 63102
314-621-2500
Fax: 314-621-2503

# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division: BARBARA W WALLACE | **Case Number: 15SL-CC00107** |
| Plaintiff/Petitioner: AARON SCHMIDT vs. | Plaintiff's/Petitioner's Attorney/Address: WILLIAM T. DOWD 211 NORTH BROADWAY SUITE 4050 ST. LOUIS, MO 63102 |
| Defendant/Respondent: HOSLEY INTERNATIONAL, INC. | Court Address: ST LOUIS COUNTY COURT BUILDING 7900 CARONDELET AVE CLAYTON, MO 63105 |
| Nature of Suit: CC Wrongful Death | |

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

**The State of Missouri to: HOSLEY INTERNATIONAL, INC.**
**Alias:**

**30 S WACKER DR**
**SUITE 2600**
**CHICAGO, IL 60606**

**SERVE REGISTERED AGENT**
**RONALD PRIMACK**

*COURT SEAL OF*

*ST. LOUIS COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.**

**SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.**

**24-FEB-2015**
**Date**

Clerk

**Further Information:**
**TLC**

### Officer's or Server's Affidavit of Service

I certify that:

1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is ____________ of ____________ County, ____________ (state).
3. I have served the above summons by: (check one)
   - ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   - ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with ____________, a person of the Defendant's/Respondent's family over the age of 15 years.
   - ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to ____________ (name) ____________ (title).
   - ☐ other (describe) ____________.

Served at ____________ (address)
in ____________ County, ____________ (state), on ____________ (date) at ____________ (time).

____________ Printed Name of Sheriff or Server

____________ Signature of Sheriff or Server

**Subscribed and Sworn To** me before this ________ (day) ________ (month) ________ (year)

I am: (check one)
- ☐ the clerk of the court of which affiant is an officer.
- ☐ the judge of the court of which affiant is an officer.
- ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
- ☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

____________ Signature and Title

**Service Fees, if applicable**

| | |
|---|---|
| Summons | $____________ |
| Non Est | $____________ |
| Mileage | $____________ (________ miles @ $ ______ per mile) |
| **Total** | $____________ |

**See the following page for directions to clerk and to officer making return on service of summons.**

## Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

**Selecting an Alternative Dispute Resolution Procedure and a Neutral**

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

JOAN M. GILMER
CIRCUIT CLERK
ST. LOUIS COUNTY CIRCUIT COURT
7900 CARONDELET AVENUE
CLAYTON, MISSOURI 63105 -1766

SPECIAL NEEDS: If you have special needs addressed by the American With Disabilities Act, please notify the Circuit Clerk's Office at 314/615-8029, Fax 314/615-8739, or TTY 314/615-4567, at least three business days in advance of the court proceeding.

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

CASE NUMBER: 15SL-CC00107

COURT DATE: MAY 6, 2015

AARON SCHMIDT
VS

DIVISION: DIV13

HOSLEY INTERNATIONAL, INC.

THE ABOVE STYLED CAUSE WILL BE DISMISSED WITHOUT PREJUDICE BY THE COURT ON THE DATE INDICATED ABOVE. COSTS TO BE ASSESSED AGAINST THE FILING PARTY PURSUANT TO RULE 77.01.

IF REQUESTING A REMOVAL, **APPEAR PRIOR TO THE ABOVE INDICATED DATE.** AT THAT TIME, UPDATE THE COURT AS TO THE CURRENT STATUS OF THE RELATED LITIGATION OR CIRCUMSTANCES WHICH HAVE DELAYED THESE PROCEEDINGS.

IF THIS IS A CASE PASSED FOR SETTLEMENT, MORE THAN 30 DAYS HAS ELAPSED. THE CASE WILL BE DISMISSED, AS STATED ABOVE, UNLESS YOUR DISMISSAL IS FILED WITH THE DIVISION CLERK **PRIOR TO THE ABOVE DISMISSAL DATE.**

JOAN M. GILMER, CIRCUIT CLERK
April 1, 2015

15SL-CC00107 DIV13
WILLIAM T. DOWD
211 NORTH BROADWAY SUITE 4050
ST. LOUIS, MO 63102

**IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| **AARON SCHMIDT** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Cause No. 15SL-CC00107** |
| **v.** | ) | |
| | ) | **Division 13** |
| **HOSLEY INTERNATIONAL, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

**NOTICE OF REMOVAL TO STATE COURT AND ATTORNEYS OF RECORD**

Please take notice that pursuant to 28 USC § 1332, Hosley International, Inc., has filed a Notice of Removal in the above captioned cause with the United States District Court for the Eastern District of Missouri, Eastern Division on April 14, 2015, a copy of which is attached hereto as Exhibit A, and that said matter shall proceed hereafter in the United States District Court for the Eastern District of Missouri, Eastern Division. This Notice is provided to all adverse parties as required under 28 USC §1446(d).

**CHILDRESS AHLHEIM CARY LLC**

By: /s/ DAVID T. AHLHEIM
DAVID T. AHLHEIM #50853
1010 Market Street, Suite 500
Saint Louis, MO 63101
Phone: (314) 621-9800
Fax: (314) 621-9802
dahlheim@jchildresslaw.com
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I, the undersigned, certify that a copy of the foregoing has been electronically served on all counsel of record via the Missouri eFiling System, or U.S. mail for parties not registered for the Missouri eFiling System, on this 14th day of April, 2015.

/s/ DAVID T. AHLHEIM

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **AARON SCHMIDT** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Cause No.** |
| **v.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **HOSLEY INTERNATIONAL, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT HOSLEY INTERNATIONAL, INC.'S NOTICE OF REMOVAL**

COMES NOW, Defendant Hosley International, Inc., by and through undersigned counsel, and hereby files this notice of removal of this cause of action which is pending in the Circuit Court of Saint Louis County, Missouri. As grounds for removal, Defendant states as follows:

**Procedural Background**

1. A civil cause of action was filed in the Circuit Court of the Saint Louis County, Missouri, styled *Aaron Schmidt v. Hosley International*, Inc. Case No. 15SL-CC00107 on January 12, 2015.

2. Defendant was served with Plaintiff's Petition on March 15, 2015.

**The Parties**

3. Plaintiff is a resident of the State of Missouri and therefore a citizen of the State of Missouri.

4. Defendant Hosley International, Inc. is an Illinois corporation with its principle place of business in Lynwood, Illinois. Defendant is therefore an Illinois citizen.

**Grounds for Removal**



5. This is a civil action of which this Court has original jurisdiction under 28 USC § 1332, and is one which may be removed to this Court by Defendant Hosley International, Inc. pursuant to the provisions of 28 USC § 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

6. In the Petition for Damages, Plaintiffs assert that he has incurred medical expenses in excess of $100,000.00. As such, it is clear that he seeks a recovery in excess of $75,000.00.

7. A true and just copy of this Notice of Removal will be served upon the Plaintiffs and will be filed with the Clerk of the Circuit Court of Saint Louis County, Missouri as required by 28 USC § 1446(d).

8. The Circuit Court of Saint Louis County's case file is attached hereto. (*See* Exhibit A)

9. Further, this Notice of Removal is timely pursuant to 28 USC § 1446(b) as a notice of removal is filed within 30 days of receipt by Defendant of the notice of the action.

**CHILDRESS AHLHEIM CARY LLC**

By: /s/ DAVID T. AHLHEIM
DAVID T. AHLHEIM #50853MO
1010 Market Street, Suite 500
Saint Louis, MO 63101
Phone: (314) 621-9800
Fax: (314) 621-9802
dahlheim@jchildresslaw.com
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all parties via the Court's electronic filing system on the 14th day of April, 2015 to:

William T. Dowd
Kevin D. Lane
Dowd & Dowd, P.C.
211 North Broadway, Suite 4050
Saint Louis, MO 63102
bill@dowdlaw.net
kevin@dowdlaw.net
*Attorneys for Plaintiff*

/s/ DAVID T. AHLHEIM