UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| AARON SCHMIDT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:15-CV-614-CEJ |
| | ) | |
| HOSLEY INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on defendant's motion to dismiss Count III of plaintiff's complaint, pursuant to Fed. R. Civ. P. 12(b)(6). Also before the Court is plaintiff's motion to strike defendant's affirmative defenses, pursuant to Fed. R. Civ. P. 12(f).

This is a wrongful death action brought against the manufacturer of an oil warmer and scented oil that were sold to the decedent, plaintiff's father. According to the complaint, the oil and warmer were being used in the decedent's home when they caught fire, resulting in decedent's death. Plaintiff asserts claims of strict liability (Count I) and negligence (Count II), both based on design defect. In Count III, plaintiff asserts a negligence claim based on the theory of *res ipsa loquitur*.

### A. Motion to Dismiss

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (*citing Swierkiewicz v.*

*Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002)); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").  The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim.  *Id.*  A viable complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp.*, 550 U.S. at 570; *see also id.* at 563 ("no set of facts" language in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), "has earned its retirement.").  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id.* at 555.

In Count III of the complaint, plaintiff asserts that the doctrine of *res ipsa loquitur* applies in the instant case to place the burden on defendant to exculpate itself from negligence liability.  *See Green v. Plaza in Clayton Condo. Ass'n*, 410 S.W.3d 272, 282 (Mo. Ct. App. 2013).  "To make a submissible case of negligence under the *res ipsa loquitur* doctrine, the plaintiff must establish three elements: (1) the incident would not ordinarily occur in the absence of negligence; (2) the incident was caused by an instrumentality under the defendant's control; and (3) the defendant has superior knowledge about the cause of the incident."  *Id.* (citing *Sides v. St. Anthony's Med. Ctr.*, 258 S.W.3d 811, 814 (Mo. 2008) (en banc)).  "[T]he second element requires control over the instrumentality that caused the injury at the time the injury occurred."  *Id.* at 283 (collecting cases).

Plaintiff's complaint fails to establish that the warmer and the oil were under defendant's control at the time of the fire.  According to the complaint, the warmer

and the oil were located in the decedent's home and were being used there when the oil spilled and caught fire. Because defendant was not in control of the warmer or the oil at the time the oil spilled and the fire occurred, the doctrine of *res ipsa loquitur* is inapplicable. *See id.* Count III will be dismissed.

### B. Motion to Strike

Courts may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "A matter is immaterial or impertinent when not relevant to the resolution of the issue at hand." *McLafferty v. Safeco Ins. Co. of Ind.*, No. 14-564 DSD/SER, 2014 WL 2009086, at *3 (D. Minn. May 16, 2014) (citation omitted). Under Rule 12(f), a court has discretion to strike affirmative defenses. *See Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977). But while "the Court enjoys broad discretion in determining whether to strike a party's pleadings, such an action is an extreme measure." *Lutzeier v. Citigroup Inc.*, 305 F.R.D. 107, 111 (E.D. Mo. 2015) (quotation marks and citation omitted).

"Parties filing a motion to strike under Fed. R. Civ. P. 12(f) bear the burden of providing the Court any reason why this language is immaterial, impertinent, or scandalous." *Id.* "Motions to strike affirmative defenses should not be granted unless, as a matter of law, the defense cannot succeed under any circumstances." *Id.* (quotation marks and citations omitted). Moreover, "[a] motion to strike should not succeed unless the party shows that it is prejudiced by the inclusion of a defense or that a defense's inclusion confuses the issues." *Id.* (quotation marks and citations omitted). "The prejudice requirement is satisfied if striking the defense would, for example, prevent a party from engaging in burdensome

discovery, or otherwise expending time and resources litigating irrelevant issues that will not affect the case's outcome." *Id.* (quotation marks and citations omitted).

Plaintiff asks the Court to strike or require defendant to provide a more definite statement of affirmative defenses 1, 3, 4, and 5. Affirmative defense 1 is a boilerplate recitation that plaintiff's complaint fails to state a claim. As discussed above, Count III of the complaint does fail to state a claim. Consequently the Court will not strike or require a more definite statement as to affirmative defense 1.

Affirmative defense 3 states that defendant is entitled to an instruction on contributory negligence. Because contributory negligence may be relevant in the instant case, the Court will not strike affirmative defense 3. Nor is a more definite statement required for plaintiff to respond to that defense.

Affirmative defense 4 merely sets out factual issues pertinent to discovery in this products liability case, such as whether the decedent failed to use the product as reasonably anticipated. Those issues are relevant to the question of liability, so the Court will not strike or require a more definite statement of affirmative defense 4.

Finally, affirmative defense 5 raises a number of peculiar assertions with regard to the constitutionality of plaintiff's attempt to seek punitive damages. Punitive damages may be relevant to the case, but only if plaintiff succeeds on his claims. Consequently it would be premature to decide whether those defenses "cannot succeed under any circumstances." *Id.* Therefore, the Court will not strike affirmative defense 5, nor will the Court require a more definite statement of that defense.

\* \* \* \* \*

**IT IS HEREBY ORDERED** that defendant's motion to dismiss Count III [Doc. #5] is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's motion to strike [Doc. #11] is **denied**.

A separate order of partial dismissal will be entered.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 8th day of July, 2015.